**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION**

IN RE:

| | |
|---|---|
| SHANE HAFFEY | CASE NO. 14-50824 |
| DEBTOR | |
| SHANE HAFFEY d/b/a SANDLIN FARMS | PLAINTIFF |
| V. | ADV. NO. 14-5044 |
| DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE FOR THE 2007 QS-10 TRUST | DEFENDANT |

**MEMORANDUM OPINION**

This matter is before the Court on a Motion to Dismiss [Doc. 5] filed by the Defendant Deutsche Bank Trust Company Americas, as Trustee for the 2007 QS-10 Trust ("Deutsche Bank"), the Plaintiff's Response [Doc. 11], and Deutsche Bank's Reply [Doc. 21]. Also before the Court is an oral Motion to amend the Complaint, raised by the Plaintiff at the hearing on Deutsche Bank's Motion to Dismiss.

The Plaintiff filed this adversary proceeding seeking a declaratory judgment that Deutsche Bank's mortgage on the Plaintiff's real property is void. Deutsche Bank argues for dismissal pursuant to FED. R. CIV. P. 12(b)(6) (incorporated by FED. R. BANKR. P. 7012) because the Eastern District of Kentucky has already decided the validity and enforceability of its mortgage lien and the Plaintiff is precluded from re-litigating this issue again under the doctrine of *res judicata*. The Plaintiff disagrees and also seeks to amend the Complaint to add a new count related to a rescission of the loan based on recent case law. For the reasons stated more

1

fully herein, Deutsche Bank's Motion to Dismiss is granted and the Plaintiff's oral Motion to amend is denied.

## FACTS

The Plaintiff filed a chapter 12 bankruptcy on April 2, 2014. *See* Case No. 14-50824 at Doc. 1. He listed real property located at 3250 Delong Road, Lexington, Kentucky ("Sandlin Farm"), on Schedule A and Deutsche Bank as a secured creditor on Schedule D with a claim of $995,000.00 based on a "forged mortgage lien" on the Farm. *Id.* at Doc. 14.

On September 4, 2014, the Plaintiff proposed a chapter 12 plan that declared Deutsche Bank's mortgage on Sandlin Farm as void. Following Deutsche Bank's objection to the plan, the Plaintiff filed this adversary proceeding against Deutsche Bank seeking to avoid its mortgage lien. *Id.* at Docs. 73, 77, 83.

The Plaintiff claims that he filed the adversary proceeding to "determine the validity, priority and extent of a lien" and for a "declaration that the Defendant does not possess a valid lien against the real property located at 3250 Delong Road, Lexington, Kentucky." Complaint [Doc. 1] at ¶ 1. The Plaintiff seeks declaratory relief pursuant to FED. R. BANKR. P. 7001(2), (9), and FED. R. CIV. P. 57 that "(1) Defendant Deutsche Bank cannot enforce payment of any indebtedness secured by the May 14, 2007 Mortgage; (2) does not hold an enforceable Mortgage on real property at 3250 Delong Road, Lexington, Kentucky; and (3) does not hold a perfected security interest in said real property." *Id*. at ¶ 55.

In support of his request for relief, the Plaintiff alleges that he owns Sandlin Farm with his wife, Heather McKeever. *Id.* at ¶ 24. The Plaintiff avers that Sandlin Farm is encumbered by: (1) a forged mortgage dated May 14, 2007 ("Mortgage"); (2) a forged assignment of the Mortgage dated May 14, 2007 from Bank of the Bluegrass to Mortgage Electronic Registration

2

System ("MERS"); and (3) a forged assignment of the Mortgage dated September 25, 2009, from MERS to Deutsche Bank (collectively "the Mortgage Documents"). *Id.* at ¶ 31. The Mortgage Documents are attached as exhibits to the Complaint. *Id.*

According to the Plaintiff, the Mortgage Documents purportedly secure a debt arising from a promissory note (the "Note") that was not executed by the Plaintiff but was forged with McKeever's signature. *Id.* at ¶¶ 26-27, 31, 43. The Plaintiff further claims that his signature and McKeever's signature are forged on the Mortgage. *Id.* at ¶ 31. In addition to the alleged forgery, the Plaintiff maintains Deutsche Bank acts as trustee for a trust that is legally non-existent such that it cannot contain or own the Mortgage. *Id.* at ¶¶ 5, 33- 47. Based on these factual allegations, the Plaintiff concludes that the Mortgage Documents held by Deutsche Bank are null and void. *Id.* at ¶ 55.

The Plaintiff also contends in his Complaint that the issues he raises in the adversary proceeding revolve around the Plaintiff's defense of a declaratory judgment action filed by GMAC Mortgage, LLC ("GMAC") against the Plaintiff in relation to a rescission of the Note secured by the Mortgage Documents. *Id.* at ¶ 29. The Plaintiff contends the declaratory petition was filed by GMAC in federal district court "upon the Debtor's discovery that the mortgage document had been fabricated and recorded bearing a forgery of his signature." *Id.* Per the Plaintiff, the case is currently on appeal to the Sixth Circuit Court of Appeals as Case No. 12-5082. *Id.*

Deutsche Bank did not file an answer but instead moves to dismiss the adversary proceeding. Deutsche Bank first argues the relief sought by the Plaintiff is barred by the doctrine of *res judicata* because the Eastern District of Kentucky has adjudicated the validity and enforceability of the Mortgage Documents in 6 consolidated lawsuits over a period of 6 years.

3

The following is a list of each lawsuit, with a limited procedural summary based on the federal district court record:[1]

- ***GMAC Mortgage, LLC, et al, v. Haffey, et al.*, Case No. 08-459**. On November 7, 2008, GMAC, acting on Deutsche Bank's behalf, filed this declaratory judgment action against McKeever and Haffey[2] to determine the effectiveness of a rescission of the Note and the validity of the loan. *See* Case No. 08-459 at Doc. 1. McKeever and Haffey filed an answer in which they asserted Deutsche Bank did not have a legal right to enforce the Note. *Id.* at Doc. 7. On May 14, 2010, the District Court granted GMAC's motion to substitute Deutsche Bank as the plaintiff. *Id.* at Doc. 60. On January 23, 2012, the District Court held the rescission was ineffective and entered summary judgment in favor of Deutsche Bank. *Id.* at Doc. 135. McKeever and Haffey moved to reconsider, but the motion was denied and the Court entered a final judgment in Deutsche Bank's favor. *Id.* at Docs. 137, 157. The case is currently pending before the Sixth Circuit Court of Appeals. *See generally* Sixth Circuit Court of Appeals Case No. 12-50802; *see also* Case No. 08-459 at Doc. 204. This case is considered the main case for purposes of consolidation.

- ***Deutsche Bank Trust Company Americas v. Haffey, et al.*, Case No. 09-362**. Deutsche Bank filed this foreclosure action against Haffey and McKeever in federal district court on November 12, 2009. Case No. 09-362 at Doc. 1. McKeever filed counterclaims and third party claims asserting the Mortgage Documents were forged, Haffey did not sign the Mortgage, Deutsche Bank lacks legal standing, and the Mortgage is invalid and unperfected. *Id.* at Doc. 17. Haffey filed an Answer asserting Deutsche Bank lacked capacity to bring a foreclosure action and did not hold a valid, perfected lien. *Id.* at Doc. 34. On June 22, 2010, the District Court dismissed the counterclaims and third-party claims. *See* Case No. 08-459 at Doc. 70. Before final judgment was entered, Haffey and McKeever appealed. *Id*. at Doc. 93. The appeal sat dormant until the District Court granted summary judgment to Deutsche Bank on the foreclosure complaint on January 23, 2012. *Id*. at Doc. 135. McKeever and Haffey moved to reconsider but their motion was denied on June 1, 2012. *Id.* at Docs. 137, 157. Deutsche Bank's Motion for Final Judgment and McKeever's and Haffey's Motion to Set Aside Judgment are currently pending but stayed due to the bankruptcy filing. *See* Case No. 09-362 at Docs. 50, 63, 74. Specifically, the

---

[1] Deutsche Bank included some, but not all, documents from the federal district court records of the six consolidated lawsuits as exhibits to its Motion. The Court has reviewed the parties' exhibits and also independently reviewed the public records in the district court litigation in accordance with its ability to consider matters of public record in addition to the pleadings in deciding a motion to dismiss. *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008).

[2] To avoid confusion, the Plaintiff shall be referred to as "Haffey" when he is described as a party to the federal district court litigation.

    District Court has not issued a judgment that specifies the damages and costs owed to Deutsche Bank or an order of sale.

- *Haffey, et al., v. Deutsche Bank National Trust Company Americas, et al.,* **Case No. 11-188**. Haffey filed this action in state court on May 10, 2011, against Deutsche Bank alleging that he did not sign the Note or Mortgage and the Mortgage Documents are forged and unenforceable. *See* Case No. 11-188 at Doc. 1. The matter was later removed to federal district court on June 3, 2011. *Id.* On March 2, 2012, the District Court granted Deutsche Bank a judgment on the pleadings and dismissed all of Haffey's claims. *Id.* at Doc. 32. The Court entered final judgment in favor of Deutsche Bank on October 3, 2012. *Id.* at Doc. 45, 46. Haffey's subsequent motion to reconsider was denied and he did not appeal the decision. *Id.* at Doc. 47, 50.

- *Haffey v. MERS, Inc.*, **Case No. 08-510**. Haffey and McKeever filed this action in state court on November 21, 2008, alleging 12 claims against GMAC and MERS, including allegations that the Mortgage was void. The matter was eventually removed to federal district court on December 15, 2008. *See* Case No. 08-510 at Doc. 1. The District Court granted a motion to dismiss in favor of GMAC on September 4, 2009. *Id.* at Doc. 17. On June 22, 2010, the District Court dismissed the claims against MERS and on June 29, 2010, entered a final judgment in favor of the defendants. *See* Case No. 08-459 at Doc. 71, 72. McKeever and Haffey moved to reconsider the District Court's opinion and order related to MERS and their motion was denied. *Id.* at Doc. 81. McKeever and Haffey appealed the judgment against MERS on October 12, 2010. *Id.* at Doc. 93. The appeal was dismissed for failure to prosecute. *See* Sixth Circuit Court of Appeals Case No. 10-6249 at Doc. 190. McKeever and Haffey attempted to reinstate the appeal but the Sixth Circuit Court of Appeals denied the request. *Id.* at Docs. 191, 193.

- *Haffey, et al., v. MERS, Inc., et al.,* **Case No. 08-456**. On October 21, 2008, McKeever and Haffey filed this quiet title action against MERS in state court. It was subsequently removed to federal district court on November 7, 2008. *See* Case No. 08-456 at Doc. 1. The District Court entered judgment for MERS on March 18, 2010. *Id.* at Docs. 58, 63. After the District Court denied reconsideration, McKeever and Haffey appealed, but it was dismissed for lack of prosecution. *See generally* Sixth Circuit Court of Appeals Case No. 10-5577 and Case No. 10-5999.

- *Haffey, et al., v. The Bank of the Bluegrass and Trust Co., et al.*, **Case No. 09-255**. The claims in this matter were voluntarily dismissed by Haffey on May 24, 2010. Case No. 09-255 at Doc. 17.

5

In addition to relying on the doctrine of *res judicata*, Deutsche Bank argues that, in the alternative, the relief requested is barred by the "law-of-the-case" doctrine[3] and the Plaintiff fails to state a claim upon which relief may be granted.

The Plaintiff counters that the validity of the Mortgage Documents "has never been fully, fairly, and finally considered and resolved on the merits." *See* Response [Doc. 15] at 2. The Plaintiff contends that some of the district court judgments are not final and there is no identity of issues between the district court litigation and the current adversary proceeding. In particular, the Plaintiff takes issue with the District Court's reliance on one order entered June 18, 2010, in Case No. 08-459. The Plaintiff claims the June 18, 2010 Order, which relies on the law-of-the-case doctrine, is the basis for all the District Court's rulings. *Id.* at 10. The Plaintiff argues the District Court applied the law-of-the-case doctrine too expansively and concludes that numerous issues have not been litigated and reached final resolution. The Plaintiff also argues that the bankruptcy court has exclusive jurisdiction to decide the issues raised, despite the District Court's rulings, and Deutsche Bank's arguments are without merit.

One day prior to the hearing on Deutsche Bank's Motion to Dismiss, the Plaintiff filed a Notice of Supplemental Authority [Doc. 24] and attached the recent United States Supreme Court decision styled *Jesinoski v. Countrywide Home Loans, Inc.*, No. 13-684, 574 U.S. __, 2015 U.S. LEXIS 607 (Jan. 13, 2015) (slip op.). The United States Supreme Court held in *Jesinoski* that a rescission under the Truth in Lending Act was effective when a borrower notified the creditor of his intention to rescind. *Id.* at *6. The Plaintiff contends that *Jesinoski* is proof that

---

[3] "The law of the case doctrine provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.'" *Scott v. Churchill*, 377 F.3d 565, 569 (6th Cir. 2004).

6

the District Court was wrong in ruling for Deutsche Bank and the Sixth Circuit Court of Appeals will be forced to reverse the District Court's erroneous conclusion.

The Court held a hearing on Deutsche Bank's Motion to Dismiss on January 22, 2015. The Plaintiff orally moved to amend the Complaint based on the impact of *Jesinoski*. The Court took Deutsche Bank's Motion to Dismiss and Plaintiff's oral Motion under submission and the matters are now ripe for determination.

## DISCUSSION

**I.    Dismissal is Appropriate Because *Res Judicata* Bars Re-Litigation of the Validity and Enforceability of Deutsche Bank's Mortgage Documents.**

A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face" to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Deutsche Bank argues that the relief sought by the Plaintiff is barred by the doctrine of *res judicata*, which is a recognized basis for dismissal under Rule 12(b)(6). *Schaffer v. Huntington Nat'l Bank*, Case No. 1:14-CV-2341, 2015 U.S. Dist. LEXIS 990 at *4 (N.D. Ohio Jan. 6, 2015).

The allegations in the Complaint are the same as those previously raised by the Plaintiff in the prior federal court litigation and decided by the Eastern District of Kentucky. *See id.* (recognizing a court may take judicial notice of the papers filed in the previous proceedings to evidence a bar to re-litigation of claims). The Complaint is not plausible on its face when those allegations are stripped from the Complaint by the doctrine of *res judicata*. Therefore, dismissal for failure to state a claim is appropriate.

Pursuant to the doctrine of *res judicata*, "a final judgment on the merits bars further claims between the same parties or their privies based on the same cause of action." *Bragg v. Flint Bd. Of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009). For the doctrine of *res judicata* to apply, the following elements must exist: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was, or should have been, litigated in the prior action; and (4) an identity of the causes of action. *Id.* at 776.

Of the six consolidated actions referred to by Deutsche Bank, at least one meets all the requirements necessary for the doctrine of *res judicata* to apply. In *Haffey, et al., v. Deutsche Bank National Trust Company Americas*, Case No. 11-188, Haffey filed suit against Deutsche Bank and three other defendants seeking to quiet title on the Farm based on allegations that he had never signed the Note, never signed the Mortgage, was not party to the Mortgage, the Mortgage and the Assignment were forged, and the Mortgage and Assignment were unenforceable. *See* Case No. 11-188 [Doc. 1] at ¶¶ 21-24, 27, 35-36, 39, 41, 46, 50, 55, 61-62. On March 2, 2012, the District Court entered a judgment on the pleadings in favor of Deutsche Bank and dismissed all of Haffey's claims. *Id.* at Docs. 32, 45, 46. Haffey did not appeal. *See generally* Case No. 11-188.

The District Court's judgment in Case No. 11-188 precludes the relief the Plaintiff seeks in this adversary proceeding. First, the District Court issued a final decision on the merits when it entered judgment on the pleadings for Deutsche Bank in March of 2012. The District Court examined the Plaintiff's factual allegations to determine if the Plaintiff established a plausible claim for relief against Deutsche Bank and found the allegations lacking. The first element of *res judicata* is satisfied.

8

Second, this adversary proceeding involves the same parties involved in Case No. 11-188.  The second element of *res judicata* is met.

Third, the doctrine of *res judicata* may apply if the issue in the present litigation was, or should have been, litigated in the prior action.   The issue in the adversary proceeding is the validity of the Mortgage and the subsequent Assignments.  This was the same issue litigated in Case No. 11-188.   The Plaintiff raised the same allegations of forgery in seeking to clear and quiet title to the Farm and strike Deutsche Bank's mortgage lien.  The third element of *res judicata* is met.

Finally, despite the Plaintiff's argument to the contrary, the fourth element required for *res judicata* to apply is satisfied.  The fourth element of *res judicata* is an identity of the causes of action. This element is satisfied if the claims at issue arose out of the same transaction or series of transactions, or if the claims arose out of the same core operative facts.  *Ohio Truck & Trailer, Inc. v. Level Propane Gases, Inc. (In re Level Propane Gases, Inc.)*, 422 B.R. 93, 102 (B.A.P. 6th Cir. 2010).  The Plaintiff alleged the same facts in support of his quiet title action in Case No. 11-188 as he does in this adversary proceeding.  There is an identity of the causes of action.

The Plaintiff's argument that there is no identity of the causes of action is not persuasive. He primarily argues that "all the District Court's rulings can effectively be traced back to a single Order," or the June 18, 2010 Order entered in Case No. 08-459 addressing the Plaintiff's Motion to Dismiss Deutsche Bank's foreclosure action.  Plaintiff's Response [Doc. 15] at 9.  The Plaintiff claims the only issue raised by Deutsche Bank's Motion to Dismiss in that litigation was Deutsche Bank's standing to file a foreclosure action as the proper assignee.  Per the Plaintiff, the District Court erroneously ruled that "[a]s the current holder the note and assignee of the

mortgage, Deutsche has standing to pursue foreclosure." *Id.* at 10. The Plaintiff argues that the District Court's ruling is limited to the validity of the Assignment between MERS and Deutsche Bank and the District Court went too far when it "subsequently twisted that limited holding into an all-encompassing proclamation on the validity of the note/mortgage under the law-of-the-case doctrine." *Id.*

At its essence, the Plaintiff's argument is that the District Court is wrong and this Court should re-evaluate that ruling. What the Plaintiff fails to appreciate is that this is not an appellate court. Whether the District Court was correct in its ruling is of no consequence for the purposes of the underlying Motion. It is not within this Court's jurisdiction to decide if the District Court erred. That is an argument for an appellate court to consider.

Further, even if the District Court did err in relying on the law-of-the-case doctrine in issuing its final decision and judgment in Case No. 11-188, it is apparent from the record that its reliance on the law-of-the-case doctrine is not the sole basis for its ruling. The District Court also based its decision on its prior ruling in Case No. 08-510. *See* Case No. 11-188 [Doc. 32] at 4-5.

In Case No. 08-510, Haffey and McKeever filed suit against GMAC (Deutsche Bank's predecessor) and MERS. Haffey and McKeever alleged the Mortgage Documents are unenforceable because they did not sign the Note and the Mortgage Documents were fraudulently recorded in the county clerk's office. Case No. 08-510 [Doc. 1] at ¶¶ 2, 5, 16, 20-22, 25-26, 30. They further claimed that GMAC did not have standing to enforce the Mortgage Documents as a result of this fraud. *Id.* at ¶¶ 3, 6, 30. Based on these allegations, Haffey and McKeever asked the Court to quiet title and declare the Note and Mortgage null and void. *Id*. at 25-26 (Prayer for Relief).

The District Court weighed the plausibility of the Haffey's claims and found the allegations are "mere 'labels and conclusions' and are devoid of any factual connection whatsoever to GMAC." Case No. 08-510 [Doc. 17] at 6. The Court further concluded "the few factual allegations regarding GMAC do not support any legal claim." *Id*. As a result, it dismissed McKeever's and Haffey's claims against GMAC. Haffey appealed,[4] but the appeal was dismissed and the decision is final.[5]

The District Court determined that Deutsche Bank's Mortgage Documents are valid and enforceable. This Court is precluded from revisiting these issues by the doctrine of *res judicata*. Thus, Deutsche Bank's Motion to Dismiss is granted.

## II.     The Plaintiff's Request to Amend the Complaint is Denied as Futile.

At oral argument, the Plaintiff orally moved to amend the Complaint based on the impact of *Jesinoski v. Countrywide Home Loans, Inc*. The Plaintiff wants to amend the Complaint to add counts related to the purported rescission of the Note, which would affect the enforceability of the Mortgage Documents. To allow the Plaintiff to amend the Complaint is futile because the Plaintiff is also precluded from re-litigating a claim arising from the alleged rescission.

Counsel for the Plaintiff and Deutsche Bank agreed at the hearing that the validity of the rescission was addressed by the District Court in Case No. 08-459. In Case No. 08-459, the District Court determined the rescission was ineffective and entered summary judgment for

---

[4] The Plaintiff only appealed the summary judgment granted to MERS in Case No. 08-510; he did not appeal the earlier order granting GMAC's Motion to Dismiss in the same case. Deutsche Bank argues this makes any decision involving the Note and Mortgage held by GMAC final and unassailable. It is not necessary to address this argument because the Sixth Circuit dismissed the MERS appeal from Case No. 08-510, so the underlying District Court action is complete. Motion [Doc. 5] at 15.

[5] On January 15, 2014, McKeever and Haffey filed a motion to reconsider in Case No. 08-510 based on "newly discovered evidence of forgery." Case No. 08-510 at Doc. 39. On July 24, 2014, the District Court denied the request and noted that the "newly discovered evidence" of forgery is what McKeever and Haffey "have argued all along." *Id.* at Doc. 48.

11

Deutsche Bank. The issue is now before the Sixth Circuit Court of Appeals. *See generally* Sixth Circuit Court of Appeals Case No. 12-50802. The Plaintiff is precluded from bringing the same cause of action between the same parties regarding an identical issue previously addressed by the District Court, regardless of the pending appeal. *See, e.g., In re Forbes*, 372 B.R. 321, 336 (B.A.P. 6th Cir. 2007) ("In the context of preclusion principles, federal and state court judgments are typically considered final, even when the judgment is on appeal.").

Because the doctrine of *res judicata* prevents the Plaintiff from re-litigating the effectiveness of the rescission in this Court, any attempt to amend the Complaint to add a count related to rescission is futile and should be denied. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## CONCLUSION

Based on the foregoing, Deutsche Bank's Motion to Dismiss is granted and this adversary proceeding is dismissed. The Plaintiff's oral request to amend the Complaint is also denied. A separate order will be entered contemporaneously herewith.

12

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Gregory R. Schaaf*
**Bankruptcy Judge**
Dated: Monday, February 02, 2015
(grs)